The first case for argument this morning will be United States v. Campos. You may proceed. I felt superior on behalf of Mr. Campos, Your Honor. I'd like to reserve five minutes, if I might. All right. Your Honor, in this case, Mr. Campos appeared in district court for a change of plea. And in the case, what happened almost immediately was, through an interpreter he asked to address the court, and his attorney indicated that the defendant wanted to fire him. And then the government explained to the court that they intended to bring a superseding indictment. And at that point, the AUSA was, after they explained the third superseding indictment, was asked to leave the court, and at that point there was an exchange between. I don't want to interrupt, but we know that background, and definitely people were quite confused on the difference between use and carry and in furtherance of. So it seemed like people were talking across, and you had quite a perceptive client, I would say, who was realizing that they were talking one thing and he was talking another. So my question would be this. If we agree with you that the plea should be tipped, in effect, because of what he was saying and what the U.S. attorney and the judge were saying, where would that leave your client as a practical matter when the government says, well, if we have to recharge this, we'll put in the either quantity or quality, and then we'll put in something that will give him a mandatory minimum, which would be further than that. So where would it leave your client as a practical matter? I'm curious. Well, I think there's two options. The court could find that the court had accepted a plea without a mens re as to the 924C. As you pointed out, the difference was that he kept denying that he used or had any knowledge of the gun. So I don't think there's a mens re for the 924C plea. But couldn't the government have just amended the indictment to put in the in furtherance of, possession of the gun in furtherance of? I mean, I guess we have to determine whether there's a reasonable probability that Campos wouldn't have taken the plea, and there's a number of different factors. One is the government could have changed the indictment. The government could have added the prior conviction, as Judge McKeown was saying, and the quantity, quality. And so the amount of time that your client would have been looking at if he were convicted would be much more than what he got on the plea agreement, however flawed that was. So help me understand whether there was a reasonable probability that he wouldn't take the plea and whether he wouldn't take the plea even now. Well, Judge, I think there is a reasonable probability he wouldn't have taken the plea. The fact that he denied repeatedly that he knew about the gun being at the location, that he possessed the gun or used it at all. Remember, there was another defendant that was not charged as a co-defendant but also had drugs in that home that had been living in the home. So I think it's reasonable that a jury could conclude or the court could conclude that the gun wasn't actually his. He didn't possess it in the terms of using it or having it, but that it belonged to the other gentleman that was in the home. That wasn't explored. I think additionally. I mean, that's a possibility, but the in furtherance of is broader than possession. So it gets back to my original question of is this a case where he could win the battle, lose the war? I guess that's what I'm. I mean, it's your client. Well, I think that's always a possibility, but is that a decision for me to make? Well, it's not our decision. I just as a practical matter am trying to understand it and it kind of ties in with Judge Acuda's question about would he have made the plea. Well, he definitely, from my reading of the transcript, he didn't want to make a plea to use and carry of a firearm because he kept saying I didn't. I didn't. And apparently he didn't. Right. So that seems clear, but then the question is, but where do you go from there? And I don't know that we have the answer to that or that that's my decision. I think that's the defendant's decision. Certainly that is his choice. And certainly it will depend upon what the U.S. attorney's position is if it's remanded. I think that it's possible in this case that the court could remand it with instructions that the 924C plea was not taken and the court could re-sentence absent the 924C and give him a 136-month sentence. That could be possible. But if he didn't enter into the plea knowingly and intelligently, so the plea, his acceptance was invalid, wouldn't that just vacate the plea and then he'd be back at square one, the government would be free to amend the indictment or to recharge him? I think that the court could rule that it would put him in that position. I think the court could also rule that, and I think that's part of the second contention that we have, that the court effectively negotiated the plea, that if the court would find that, that's the position he would be in. But if the court invalidates just the 924C, then he would be in the position where we would ask the court to impose 135 months, which was the agreement for the low end. Are you just asking us to set aside that one count because Rule 11 was not properly followed? Yes, I am. I think that's an option the court would have. So we would vacate that and send it back, and that would be ready for trial if that was the choice? That could be. Or the U.S. attorney may at that point say, we're not going to go forward with the 924C. Or he might amend the information. He might. That's the risk that we're all taking here, and I think that's the defendant's choice. Whether or not that's a wise choice or not is his choice to make. All right, why don't we hear from the government? Thank you. Good morning, Your Honor. Tim Ohms on behalf of the government. Your Honor, from my perspective, I think that the difficulty with the change of plea really began with the indictment because the manner and means that was alleged in the indictment was ultimately different than the factual basis that was presented in the plea agreement and at the change of plea hearing. I think fundamentally that's where there was some confusion about exactly how this crime was committed. The court proceeded with questioning about possession of the firearm, and the government's position at this point is that there was a sufficient factual basis to establish that the defendant possessed the firearm and that the possession was in furtherance of the drug crime. What did he plea to? He pled to the 924C count, but the manner and means that was alleged in that count was use or carry. Correct. And there's a third manner or means that was added after this. That's why, I mean, he was a very perceptive defendant.  But he kept saying, but I didn't do that. Correct. And then they said, well, but, you know, but there was a gun there and it was here, and then he kept saying, but more, I mean, it's really the most perceptive kind of plea I've seen where he keeps saying, but that's not what I did. So now you're saying, well, he, maybe he really did use in furtherance of. Well, it would be possession in furtherance of. Possession in furtherance of. Right. But that's not what ultimately he pled to use and carry. That's true, Your Honor. So now the question would be, let's say that we were of the view that there really wasn't a factual basis for what he pled to and we were to vacate that plea. What would happen? Would you amend and just say possession in furtherance of, and then he'd be back to determine whether to plea to that? Yes, Your Honor. Okay. That's what the government would do. And if the court remanded the case to allow the defendant to withdraw from his plea agreement, then the government would have to consider the additional evidence that it obtained regarding the quality of the methamphetamine. Let me ask you about that. It's not, basically you're holding this thing over his head. If you don't plea to this, then we're going to add these additional counts, amend the indictment, and give you this mandatory minimum. But in this case, if we were to vacate just the use and carry aspect of the plea, are you saying that he would then be able to plea to the possession in furtherance of without any additional consequences? If the court remanded just as to count four, then the government would, based upon the evidence, the government would have to seek a superseded indictment in order to proceed with that case. Wouldn't that result in punishing him for taking this appeal? I don't believe so, Your Honor, because he'd be facing many, many more years than was agreed to by the prosecution and the defendant. That's true, Your Honor. The purpose of the plea agreement was to provide him, through his counsel, an opportunity to recommend a 10-year sentence and bound the government to recommend a low end. But I think the specific question was just as to the 924C count, not as to the indictment in its entirety. If the court remanded just as to the 924C count, the government wouldn't have the ability to go back and supersede the drug charges and to allege the purity because that 190 grams that was found in the second bathroom was 100% pure. And also the government would not then have the option of filing the 851 enhancement. So in other words, just to make sure I understand, if we were to vacate only as to the 924C count, yes, would the government, would he then be repleting with respect to in furtherance of or would that just drop out? The government, my understanding of it would be that the government would be faced with a decision of whether or not it was in, whether or not it should seek a superseding indictment to amend the manner and means charged in count four. Just the count four at that point. Just the count four. And there is support for the court's position to remand just on count four. I'm not suggesting that or recommending it. No, I understand. But I believe it's the Monson decision, the 2009 decision, where the panel remanded just as to the 924C count. There was a dissent in that case in which the dissenting judge said, well, yeah, but this is a package deal. It's a plea agreement, and if you take out that one part of the plea agreement, then, you know, the party should be able to renegotiate the plea deal from their original position. But I would leave that to the court. I mean, my preference would be with that dissent that if part of the plea deal, you know, because the government also went into the plea deal, although there was an error, went into it in good faith with certain goals in mind, and in fairness to my client, I think that if there's part of the plea deal that is not going to be approved, that the plea in its entirety should be, the case should be remanded in its entirety to allow the defendant to withdraw his guilty plea to the entire case if that's what he chooses to do. So let's just play this out. If we vacate only as to count four, it goes back, and then Mr. Campos says, well, not only did I not use and carry it, but in my view, I didn't possess and furtherance of either. So I'm not going to plead guilty to that either. Then what happens? Well, then we could potentially have a trial as to that count. As to that count. Correct. Okay. With regard to the, let's say, the problem, the challenge that was brought into this case through the way it was indicted with the manner it means being alleged one way, my only additional comments on that is that the standard of review that I proposed was the plain error standard of review, and that ultimately required the court to find that fundamental fairness was at play or implicated. My argument is that there was sufficient basis for the court to find that the defendant did, commit an offense under 924C, and that since it was not objected to prior to sentencing, that the error does not violate the fundamental fairness of the proceeding. Go ahead. Let me tell you the problem I'm having with what you just said. This defendant said, I didn't possess that weapon. So he felt he was not guilty of possession. The judge and his lawyer told him that, in fact, he was charged with constructive possession, which was wrong. Isn't that true? Yes, Your Honor. So, in fact, he was not pleading guilty to the count. Well, I think that the question of whether or not he said he did not possess it, it's a little more equivocal than that. I mean, the note that I have from the record is that his response to the interpreter was, the pistol, I only had it in my house. When it was found, that's where it was. And the court said, I see. Okay, so you had it and was the pistol by the drugs. And the answer is yes. Later on, he was asked specifically, did you possess it? And he said yes. And that changed at sentencing. I think that there's certainly the defendant, I guess there's different ways to evaluate this. The defendant was certainly interested in maintaining, as much as possible, an opportunity to mitigate his responsibility at sentencing. Whether or not that's a complete denial of the possession, I think that there's language from the record that shows that he did acknowledge that he had it in his house. So that's where we're at. But unless there are further questions, I appreciate the opportunity to present the government's position in this case. Thank you, Your Honors. Did you have anything further, Mr. Phelps? Briefly, Your Honor. On my count at one point in this, I think he denied on no less than five occasions that he said repeatedly, my fingerprints will not be on that gun.  And that he did not hold the gun. Essentially denying possession or use and knowledge of it being used in a drug crime. I guess we'll have an interesting issue if the court remands it and the government attempts to out-reform the 924C and charge it in a different way. I think they would have trouble proving it under those conditions also, given where it was. And I agree that the defense attorney in the court misadvised the defendant on what needed to be proven. Constructive possession would not be enough. But unless you have additional questions, I think that's all that I have. No, I think not. Thank you. Thank you. Thank both of you. Appreciate your candor. The case of United States v. Campos is submitted. United States v. Reagan is submitted on the briefs. Action Recycling v. United States is submitted.
judges: Alarcon, McKeown, Ikuta